UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BENTON GASKINS,<br><br>Plaintiff,<br><br>v.<br><br>ANTERO RESOURCES CORP.,<br><br>Defendant. | Case No. 22-cv-03635-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a California prisoner who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against Antero Resources Group. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is DISMISSED with leave to file an amended complaint.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties who are not represented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to

1   state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to
2   provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a
3   formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must
4   be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
5   550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a
6   claim for relief that is plausible on its face." *Id.* at 570.  To state a claim that is plausible on its
7   face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the
8   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### LEGAL CLAIMS

Plaintiff alleges that he was sent from Santa Rita Jail to court on December 21, 2021, and then to Coalinga State Hospital.  (ECF No. 1 at 2-3.)  He complains that he has not received his personal property, including some legal work, at Coalinga.  (*Id.* at 3.)  He then identifies the price of oil and gas, and he requests payments be sent to him at an address in Nevada.  (*Id.*)

Plaintiff names one Defendant, Antero Resources Group.  Plaintiff does not make any allegations about this Defendant, including what type of entity it is, where it is located, or how it was involved in the allegations regarding Plaintiff's property.  It is thus not clear whether it was acting under color of state law, as required to state a claim under Section 1983, or what actions or omissions it committed that caused a violation of Plaintiff's constitutional rights, *see Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir. 1988) (a person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains).  Plaintiff also does not allege who is responsible for the alleged deprivation of his property, nor is it apparent what relevance the allegations regarding the price of fuel have to his claims.  The letter he subsequently sent (Dkt. No. 5) apart from not

1 being an amended complaint, does not address any of the above deficiencies.  Plaintiff will be
2 given leave to amend to cure these deficiencies.

**CONCLUSION**

For the reasons explained above,

1. The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file an amended complaint on or before **September 30**, **2022**.  The amended complaint must include the caption and civil case number used in this order (No. C 22-3635 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the case will be dismissed.</u>

2. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: August 26, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge