UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BENTON GASKINS,<br><br>Plaintiff,<br><br>v.<br><br>ANTERO RESOURCES CORP.,<br><br>Defendant. | Case No. 22-cv-03635-JSC<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a California prisoner who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against Antero Resources Group. The complaint was dismissed with leave to amend. Plaintiff filed an amended complaint. (ECF No. 7.) For the reasons explained below, the complaint is DISMISSED for failure to state a claim upon which relief may be granted.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties who are not represented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

1   which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to
2   state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to
3   provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a
4   formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must
5   be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
6   550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a
7   claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its
8   face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the
9   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

The original complaint was dismissed with leave to amend with the following explanation:

> Plaintiff names one Defendant, Antero Resources Group. Plaintiff does not make any allegations about this Defendant, including what type of entity it is, where it is located, or how it was involved in the allegations regarding Plaintiff's property. It is thus not clear whether it was acting under color of state law, as required to state a claim under Section 1983, or what actions or omissions it committed that caused a violation of Plaintiff's constitutional rights, *see Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir. 1988) (a person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains).

(ECF No. 6.)

In the amended complaint, Plaintiff alleges that Defendant is a corporation that broke their contract by failing to close his account and refusing to allow him to sell real property with "minerals oil on them." (ECF No. 7 at 2-3.) These allegations do not correct the deficiency in the original complaint. The name of the Defendant and the allegation that it is a "corporation" suggest

that it is a private actor. A private actor does not act under color of state law under Section 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Plaintiff has not cured the deficiency in his original complaint because he has not alleged facts that plausibly show that Defendant was a state actor, an essential element of a Section 1983 action.

Furthermore, Plaintiff does not allege a violation of federal law, which is also an essential element of a Section 1983 claim. To state a claim under Section 1983, a plaintiff must allege facts that plausibly show the violation of federal law. *See Paul v. Davis*, 424 U.S. 693, 697 (1976). Plaintiff's claim of breach of contract asserts a violation of state law.

Because Plaintiff's amended complaint does not assert a violation of federal law by a state actor, it fails to state a claim upon which relief may be granted under Section 1983.[1] Furthermore, as Plaintiff has already received leave to amend once and failed to cure the deficiency in his claim, no further leave to amend is granted.

## CONCLUSION

For the reasons explained above, this case is DISMISSED for failure to state a claim upon which relief may be granted.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 7, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

---

[1] Plaintiff may be able to bring his claim for breach of contract against Defendant in state court.

3